UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBRA PITTMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:15-cv-01672-TWP-MJD |
| COLUMBUS RURAL KING, INC., | ) ) ) |
| Defendant. | ) |

### ENTRY ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff Debra Pittman's ("Pittman") Motion for Summary Judgment. ([Filing No. 37](#).) Pittman was a longtime employee of Defendant Columbus Rural King Supply, Inc. ("Rural King"). She suffers from Crohn's Disease, and alleges that Rural King violated the Americans with Disabilities Act ("ADA") by failing to provide her with a reasonable accommodation for her disability. For the reasons that follow, the Court **denies** Pittman's Motion.

### I. BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Rural King as the nonmoving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Pittman began working at a Rural King store in Columbus, Indiana in February 2005. ([Filing No. 38-22 at 1](#).) Rural King is a retail business that sells farm and home supplies. Pittman was initially hired as a cashier and was promoted to customer service manager in 2011 or 2012. ([Filing No. 38-24 at 1](#).) In 1993, before her employment at Rural King, she was diagnosed with

Crohn's Disease. ([Filing No. 38-22 at 1](#).) Crohn's Disease is a chronic inflammatory disease of the gastrointestinal tract that causes symptoms such as fatigue, loss of appetite, and pain. ([Filing No. 38-22 at 1](#).) At the times relevant to the instant matter, Pittman was under the care of a physician and a nurse practitioner for her Crohn's Disease. ([Filing No. 38-23 at 1](#).)

After receiving an offer of employment from Rural King, Pittman filled out a "Post-Offer Questionnaire," on which she indicated that she had been diagnosed with Crohn's Disease. ([Filing No. 38-4](#).) At some point early in Pittman's tenure, she informed her employer that she preferred working the early morning shift, because she would not be tired upon starting work. ([Filing No. 38-24 at 7-8](#).) For several years, Pittman typically worked five days per week, for five-hour shifts running from 7:00 a.m. to 12:00 p.m. ([Filing No. 38-24 at 7](#).)

In September 2013, Matt Klinkosh became the manager of the Columbus Rural King location. ([Filing No. 38-24 at 7](#).) Approximately one month after Klinkosh became manager, he demoted Pittman from the position of customer service manager to the position of cashier. ([Filing No. 38-24 at 8](#); [Filing No. 38-24 at 4-5](#).) Around the same time, Pittman's assigned hours began to decrease, and she started to be assigned shifts outside of the early morning hours that she had previously requested. ([Filing No. 38-24 at 7-9](#).) In response, Pittman had several conversations with Klinkosh and Joella Morey, an assistant manager who was involved in scheduling, regarding her need for an accommodation. ([Filing No. 38-26 at 1-3](#).) On April 14, 2015, Pittman provided Rural King with a doctor's note indicating that she needed to work the morning shift for no more than five hours per day, in order to maintain a consistent eating and resting pattern. ([Filing No. 38-9](#).)

On May 2, 2014, Pittman filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging discrimination on the basis of her disability. ([Filing No. 38-8](#).)

Following that filing, Pittman's hours continued to be reduced and scheduled in the afternoon, ranging from her original 25 hours per week prior to Klinkosh's tenure to roughly five hours per week by the end of her employment at Rural King. ([Filing No. 38-11](#).) On March 23, 2015, Pittman, Klinkosh, and Morey completed and signed an "Accommodation Worksheet," which indicated that it was designed to "provide a problem-solving approach to considering accommodation request by and identifying accommodations for either applicants or employees." ([Filing No. 38-28 at 1](#).) On that form, Pittman requested to work five shifts per week from 10:00 a.m. to 3:00 p.m., or earlier if possible. ([Filing No. 38-28 at 1](#).) The "employer" requested 10:00 a.m. to 5:00 p.m. or 12:00 p.m. to 5:00 p.m. shifts, in order for Pittman to "be here during two vital hours of business" from 3:00 to 5:00. ([Filing No. 38-28 at 3](#).) Pittman's hours continued to be reduced, and the reduction in hours caused her financial hardship. ([Filing No. 38-15 at 1](#).) Pittman started a part-time position at Dollar Tree on July 6, 2015 ([Filing No. 38-12](#)). By September 2015 she left employment at Rural King because she felt she was constructively discharged. ([Filing No. 38-11](#).)

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court reviews the record in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *Zerante,* 555 F.3d at 584; *Anderson,* 477 U.S. at 255.

The party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which demonstrate the absence of a

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (noting that when the non-movant has the burden of proof on a substantive issue, specific forms of evidence are not required to negate a non-movant's claims in the movant's summary judgment motion, and that a court may grant such a motion, "so long as whatever is before the district court demonstrates that the standard...is satisfied"); *see also* Fed. R. Civ. P. 56(c)(1)(A) (noting additional forms of evidence used in support or defense of a summary judgment motion, including "depositions, documents electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials").

Thereafter, a nonmoving party who bears the burden of proof on a substantive issue may not rest on its pleadings, but must affirmatively demonstrate by specific factual allegations that there is a genuine issue of material fact that requires trial. *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Celotex Corp.*, 477 U.S. at 323-24; Fed. R. Civ. P. 56(c)(1). Neither the mere existence of some alleged factual dispute between the parties nor the existence of some "metaphysical doubt" as to the material facts is sufficient to defeat a motion for summary judgment. *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997); *Anderson*, 477 U.S. at 247-48; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which [it] relies." *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008).

Similarly, a court is not permitted to conduct a paper trial on the merits of a claim and may not use summary judgment as a vehicle for resolving factual disputes. *Ritchie v. Glidden Co., ICI Paints World-Grp.*, 242 F.3d 713, 723 (7th Cir. 2001); *Waldridge v. Am. Hoechst Corp.*, 24 F.3d

918, 920 (7th Cir. 1994). Indeed, a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (highlighting that "these are jobs for a factfinder"); *Hemsworth*, 476 F.3d at 490. When ruling on a summary judgment motion, a court's responsibility is to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial. *Id.*

### III. DISCUSSION

Pittman argues that Rural King failed to provide her with a reasonable accommodation for her disability of Crohn's Disease by not scheduling her for the early morning shift of 7:00 a.m. to 12:00 p.m., five days per week. ([Filing No. 38 at 7](#).)

The ADA prohibits employers from discriminating against a "qualified individual on the basis of disability." 42 U.S.C. § 12112(a) (2012). The ADA defines discrimination, in part, as "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability...unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the [employer's] business." 42 U.S.C. § 12112(b)(5)(A). To establish a claim for failure to accommodate, a plaintiff must show that: (1) she is a qualified individual with a disability; (2) the employer was aware of her disability; and (3) the employer failed to reasonably accommodate the disability. *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 813 (7th Cir. 2015). The parties do not dispute that Rural King was aware of Pittman's disability, so only the elements of reasonable accommodation and qualified individual are at issue.

### A. Reasonable Accommodation

Pittman's brief in support of her Motion for Summary Judgment makes one argument only: that Rural King was required but failed to provide a reasonable accommodation for Pittman's

disability.  However, in its response brief, Rural King does not respond to Pittman's argument that it was required to provide her with a reasonable accommodation or that it failed to do so.  Instead, Rural King cites only to the general *McDonnell Douglas* standard for proving a *prima facie* case of employment discrimination.  ([Filing No. 42 at 6](#).)  It argues that summary judgment is not appropriate because genuine disputes of material fact exist regarding whether (1) Rural King has offered a legitimate, non-discriminatory business reason for its employment actions; and (2) Pittman was constructively discharged.  ([Filing No. 42 at 5-10](#).)  While those arguments would be relevant to claims regarding other types of adverse employment actions, they are not relevant to the question of whether Rural King failed to accommodate Pittman's disability.  A failure to accommodate constitutes an independent basis for liability under the ADA, subject to a distinct legal standard, as described above.  *See Wisconsin Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 751 (7th Cir. 2006) (stating "as our cases already hold, failure to accommodate is an *independent* basis for liability under the ADA") (emphasis in original).

It is not clear whether Rural King's failure to respond to Pittman's argument arises from a misreading of Pittman's brief or a misunderstanding of the claims or law at issue.  Pittman provided adequate notice that she was raising a failure to accommodate claim.  Among other indicators, Pittman's Complaint specifically states that Rural King failed to accommodate Pittman's disability.  ([Filing No. 1 at 7](#).)  Moreover, her brief in support of the Motion for Summary Judgment includes headings specifically referencing the failure-to-accommodate claim, cites applicable case law, and engages in analysis as to why Rural King failed to accommodate her disability.

Whatever Rural King's reasons for failing to address Pittman's argument, the fact remains that Pittman's contentions regarding the failure to accommodate are unrebutted.  As the Seventh Circuit has repeatedly concluded, "[p]erfunctory, undeveloped arguments without discussion or

citation to pertinent legal authority are waived." *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 773 (7th Cir. 2015). Moreover, Rural King disputes only two facts as set forth in Pittman's brief. ([Filing No. 42 at 2](#).) Under Local Rule 56-1(f), any facts cited by Pittman that are supported by admissible evidence are deemed admitted if not specifically controverted by Rural King. *See* L.R. 56-1(f)(1).

The Court reminds the parties that it will not comb through the record to make an argument that the briefs do not make. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). The majority of facts put forward by Pittman are admitted and Rural King has waived its arguments in opposition to the reasonable accommodation element of the claim, so this element is met.

**B.** **Qualified Individual**

Pittman argues that she is a "qualified individual" with a disability under the ADA. ([Filing No. 38 at 8](#).) Rural King responds that there is a genuine dispute of material fact as to whether Pittman is a qualified individual, because there is a question of fact as to whether she was satisfactorily performing her essential job duties. ([Filing No. 42 at 6](#).) Rural King argues that Pittman was "disciplined on numerous occasions for reasons such as unexcused absences, cash shortages from her drawer, poor performance, and unprofessional conduct." ([Filing No. 42 at 6](#).) While Rural King provides no citation to the record in support of this contention, in its statement of additional material facts, Rural King alleges that Pittman accumulated at least 19 disciplinary infractions during her tenure at Rural King, and cites to records from Pittman's employment file. ([Filing No. 42 at 2](#), citing [Filing No. 43-2](#).) On reply, Pittman argues that she was meeting her employer's legitimate expectations, as evidenced by the fact that she received three positive reviews and a raise, and never received a negative performance review before or during Mr. Klinkosh's tenure as manager. ([Filing No. 51 at 5](#).) Pittman also argues that an individual who is

7

determined to be "not qualified" must be "incapable" of performing the essential job duties, and that the mere receipt of disciplinary infractions is not indicative of an inability to perform essential job functions. (Filing No. 51 at 6.)

The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Preddie*, 799 F.3d at 813 (citing 42 U.S.C. § 12111(8)). Neither Rural King nor Pittman cite to any case law in support of their arguments regarding whether disciplinary infractions could render a person "not qualified" under the ADA. At least some case law located by the Court suggests that disciplinary issues could properly factor into the analysis of whether a person is a qualified individual. *See, e.g., Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 865 (7th Cir. 2005) (concluding that "[a]s this court has made clear on a number of occasions, when the evidence demonstrates that an employee is incapable of performing the job, *the employer need not isolate the disability-related causes for an employee's inferior performance from problems that stem from a poor attitude, insubordination, carelessness, or outright disregard for the safety of himself and his co-workers*") (internal citations omitted) (emphasis in original). In *Hammel*, the court concluded that it "need not address [the Plaintiff's] related argument that evidence of his poor attitude, careless behavior and deficient work performance was relevant only to an inquiry into [the Defendant's] reasons for terminating him. As [previously] discussed, consideration of this evidence was proper as part of the court's inquiry into whether he was capable of performing the essential functions of the job in a manner that met EGC's legitimate business expectations." *Id.* at 863, fn. 8.

Particularly given the parties' incomplete briefing on this issue, the Court cannot conclude as a matter of law that Pittman was a qualified individual under the ADA. Rural King cites to

8

admissible evidence supporting its contention that Pittman was disciplined for issues such as insubordination, (Filing No. 43-2 at 29), absenteeism, (Filing No. 43-2 at 19), and poor performance, (Filing No. 43-2 at 16). Pittman cites to contrary evidence indicating positive performance reviews and a raise. (Filing No. 51 at 6.) This is sufficient to establish a genuine dispute a material fact regarding this issue.

The Court notes, however, several potential inconsistencies in Rural King's arguments, which would undoubtedly be at issue should this case proceed to trial. First, unlike the plaintiff in *Hammel*, who was terminated, Rural King alleges that it did not terminate Pittman's employment. This assertion may be in direct conflict with Rural King's contention that Pittman was not performing, and could not perform, her essential job functions. Second, Rural King contends that it assigned Pittman to afternoon shifts instead of her requested morning shifts because it "needed Plaintiff on the premises during two vital hours of business during the afternoon." (Filing No. 42 at 7.) Again, this may directly conflict with Rural King's contention that Pittman could not perform her essential job duties. But because the Court does not weigh evidence or make credibility determinations at the summary judgment stage, these questions are left to a later stage of the proceedings.

Because a genuine dispute of material fact exists as to whether Pittman is a "qualified individual" under the ADA, summary judgment is inappropriate.

**C.     Constructive Discharge and/or Retaliation Claim**

In her brief in support of her Motion for Summary Judgment, Pittman raises arguments related only to a failure-to-accommodate claim. On reply, however, Pittman appears to raise arguments for summary judgment on a constructive discharge and/or a retaliation claim. (Filing

No. 51 at 7; Filing No. 51 at 12.) Rural King did not request leave to file a surreply or otherwise move to address these arguments.

Arguments raised for the first time in a reply brief are waived. *U.S. v. Dabney*, 498 F.3d 455, 460 (7th Cir. 2007). Therefore, Pittman's Motion for Summary Judgment regarding any constructive discharge and retaliation claims, if indeed she has raised such a motion, is denied.

### IV. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by Plaintiff Debra Pittman is **DENIED**.

**SO ORDERED.**

Date: 5/17/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Samuel Mark Adams
MICHAEL K. SUTHERLIN & ASSOCIATES
msutherlin@gmail.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com

Donald S. Smith
RILEY BENNETT & EGLOFF LLP
dsmith@rbelaw.com

Katie R. Osborne
RILEY BENNETT & EGLOFF LLP
kosborne@rbelaw.com

Nicholas C. Dugan
RILEY BENNETT & EGLOFF LLP
ndugan@rbelaw.com